# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF MICHELLE MCCLEAN, as Owner, and
WILLIAM MCCLEAN, as Owner pro hac vice
Of a 2020 32' Glasstream Vessel, Florida          CASE NO:
Registration No. FL8011SX, its engines, tackle,
apparel, appurtenances, etc., for Exoneration
From or Limitation of Liability,

      Petitioners.

_____/

## COMPLAINT FOR EXONERATION FROM
## OR LIMITATION OF LIABILITY

Petitioners, MICHELLE MCCLEAN, as Owner, and WILLIAM

MCCLEAN, as Owner pro hac vice (hereinafter "Petitioners") of a 2020 32'

Glasstream vessel, Florida Registration No. FL8011SX, its engines, tackle, apparel,

appurtenances, etc., (the "Vessel"), in a cause of action, civil and maritime,

respectfully allege upon information and belief as follows:

1.    This is an Admiralty and Maritime Action within the meaning of 28

U.S.C. §1333 and 46 U.S.C. §§30501, et. seq, and Rule 9(h) of the Federal Rules of

Civil Procedure.

2.    That at all material times hereto, Petitioner, MICHELLE MCCLEAN,

was the titled owner of the 2020 32' Glasstream Vessel, Florida Registration No.

FL8011SX (the "Vessel"), a self-propelled vessel powered by two (2) gasoline outboard engines.

3.      That at all material times hereto, Petitioner, MICHELLE MCCLEAN, was domiciled in Palm Coast, Flagler County, Florida, within this District.

4.      That at all material times hereto, Petitioner, WILLIAM MCCLEAN, was responsible for maintenance, care, and operation of the Vessel, and provided stores and fuel for each voyage of the Vessel.

5.      That at all material times hereto, Petitioner, WILLIAM MCCLEAN, was the Owner pro hac vice of the Vessel.

6.      That at all material times hereto, Petitioner, WILLIAM MCCLEAN, was domiciled in Palm Harbor, Flagler County, Florida, within this District.

7.      Venue is proper in this District under Rule F(9), Supplemental Rules for certain Admiralty and Maritime claims, as Petitioners have been sued with respect to this claim in the 7th Judicial Circuit in and for St. Johns County, Florida, in an action styled, KIMBERLY MOORE, individually, and KIMBERLY MOORE, as Executor de son Tort of the Pending Estate of THOMAS DAQUILA, deceased, Plaintiffs, versus WILLIAM S. MCCLEAN and MICHELLE L. MCCLEAN, Defendants, Case No. CA22-1443.

8.     Venue is also proper in this District under 28 U.S.C. §1391 as the events giving rise to the claims occurred, and a substantial part of the property that is the subject of the action, including the Vessel, is situated within this District.

9.     At all material times hereto, the Vessel was seaworthy, properly titled under the laws of the State of Florida, and was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and reasonably fit for the use in and around the inland and coastal waters of the United States.

10.     Upon information and belief, Claimants will/may include the following: KIMBERLY MOORE, who resides in Palm Coast, Flagler County, Florida, GARY LANE, who resides in Palm Coast, Flagler County, Florida, and the Estate and survivors of THOMAS DAQUILA (deceased), who, at the time of his death, resided in and are located in Flagler County, Florida.

11.     On or about 1638 (4:38 p.m.) on July 2, 2022, the Vessel, owned by MICHELLE MCCLEAN, and operated by WILLIAM MCCLEAN, allided with/came into contact with/ran aground on Rattlesnake Island in the navigable waters of the Intercostal Waterway (ICW) in/near Marineland, St. Johns County, Florida, and following that allision/contact/grounding, the above named Claimants sustained injuries, and as to THOMAS DAQUILA, death, the injuries and death

requiring EMS and medical care and attention, and the Vessel sustained damage to its hull and machinery.

12.    The incident at issue and any ensuing damages, personal injury, death, and property loss, were not caused by any fault of the Vessel, its Owner, its Owner pro hac vice, or any person or entity for whose actions the Owner and/or Owner pro hac vice are responsible.  Neither the Vessel, its Owner, nor its Owner pro hac vice, Petitioners, are liable to any extent, and they are entitled to exoneration from liability for all losses, injury, death, and damages occasioned and incurred by, or as a result of, the incident.

13.    Petitioners further allege all losses, injury, death, and damages resulting from the incident occurred as a result of the actions, omissions, or conditions which Petitioners and/or either of them did not participate in, had no knowledge of, and had no reason to know about.

14.    Petitioner, MICHELLE MCCLEAN, as Owner of the Vessel, and/or WILLIAM MCCLEAN, as Owner pro hac vice of the Vessel, should be exonerated of and from any liability for losses, injuries, death, or damages arising out of the incident described above, as it was not caused by any neglect of Petitioner, MICHELLE MCCLEAN and/or Petitioner WILLIAM MCCLEAN, or the Vessel.

15.    Petitioner, MICHELLE MCCLEAN and/or Petitioner, WILLIAM MCCLEAN lacked privity or knowledge of the circumstances, actions, or omissions giving rise to the incident at issue.

16.    Thus, and without admitted liability, in the event the Vessel is held responsible to anyone by reason of the matter set forth above, Petitioner, MICHELLE MCCLEAN and/or Petitioner, WILLIAM MCCLEAN, claim the benefit of the limitation of liability provided in 46 U.S.C. §§30501, et. seq.

17.    The Vessel had a pre-casualty value of approximately $191,000.00 (*See* Ad Interim Stipulation for Value to be filed herein).

18.    Petitioners know of potential claims by the Claimants listed above, residence of and/or located in Flagler County, Florida, and by healthcare providers in Flagler and St. Johns County, Florida, who provided care and treatment to the Claimants for injuries allegedly sustained in the incident.

19.    Petitioners allege that the amount of damages associated with the potential claims may exceed the amount of their interest in the Vessel.

20.    The first written notice of a claim arising from the incident, subject to limitation, was a letter from counsel for KIMBERLY MOORE, individually, and THE ESTATE OF THOMAS DAQUILA, dated July 15, 2022, and therefore this action is timely filed under the provisions of the Limitation Act, 46 U.S.C. §§30501, et. seq.

21.    Petitioners file herein a Stipulation for Costs and Ad Interim Stipulation for Value, in the appropriate form for payment into Court of the amount of Petitioners' interest in the Vessel, together with interest at the rate of 6% per annum, from the date of said Stipulation, and for costs; and in addition thereto, Petitioners are prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation for Value as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner, MICHELLE MCCLEAN, as Owner, and Petitioner, WILLIAM MCCLEAN, as Owner pro hac vice, of the Vessel, respectfully requests:

A.    Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value described above, this Honorable Court direct the Clerk of Court to issue the Proposed Notice filed by Petitioners herein, which admonishes all persons, firms, or corporations asserting claims for any and all losses, damages, death, injuries, or destruction with respect to which Petitioners, jointly and severally, seek Exoneration From or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve upon Petitioners' attorney a copy thereof, on or before the due date specified in the Notice;

B.      Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value herein described, the Court issue the proposed injunction to be filed by Petitioners herein, which restrains the commencement or prosecution of any action or proceeding of any kind against Petitioners, jointly or severally, the Vessel, and/or any of Petitioners' property, with respect to any claim for which Petitioners, jointly and severally, seek limitation, including any claim arising out of or connected with any loss, death, injuries, damage, or destruction resulting from the incident described in the Complaint;

C.      If any Claimant who shall have filed a claim shall also file an exception contesting the value of the Vessel, or its pending freight, if any, as alleged herein, and the amount of the Ad Interim Stipulation for Value as aforesaid, this Court cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Petitioners' interest therein and pending freight, if any, and in which event the Court shall enter an Order for the filling of an Amended Stipulation for the Aggregate Value, as so determined, of Petitioners' interests in the Vessel and its pending freight, if any;

D.      This Court adjudge Petitioners, jointly and severally, and the Vessel, not liable to any extent whatsoever for any losses, death, injuries, damages or destruction, or for any claim whatsoever done, occasioned, or incurred as a result of the matters and happenings referred to in this Complaint; or in the alternative, if the

Court adjudge that Petitioners, jointly and severally, are liable in any amount whatsoever, that said liability may be limited to the value of Petitioners' interests in the Vessel, and may be divided pro rata among such Claimants, and that a judgment be entered discharging Petitioners, jointly and severally, and the Vessel of and from, any and all further liability, and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioners, jointly and severally, and the Vessel, or their property, in consequence of, or connected with, the matters and happenings referred to in this Complaint; and

E.    This Court grant Petitioners, jointly and severally, such other and further relief that justice may require.

Dated this  12th  day of January 2023.

**David F. Pope, Esq.** – FBN 164452
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL  33602
Telephone:  (813) 221-1500
Facsimile:   (813) 222-3066
Service-dpope@bankerlopez.com
*Attorneys for Petitioners*